UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **JOHN CARRIZALES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 1:11-cv-00024 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| **ENOCH GEORGE and** | ) | |
| **FLOYD SEALY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## O R D E R

The plaintiff, an inmate at the Maury County Jail in Columbia, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1). The plaintiff has submitted an application to proceed *in forma pauperis* (Docket No. 2), a motion for temporary injunction (Docket No. 3), and a notice of lawsuit and request to waive service of summons (Docket No. 4).

Administrative Order No. 93 provides that a prisoner's application to proceed *in forma pauperis* must include a signature of the authorized custodian of prison accounts that has been "properly notarized by a licensed notary public of the State of Tennessee." The plaintiff's application to proceed *in forma pauperis* is defective because it does not include a signed statement from the custodian of accounts that has been properly notarized.

Further, the plaintiff has not provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2).

The Clerk is **DIRECTED** to send Mr. Carrizales a blank application to proceed *in forma pauperis* and a copy of Administrative Order No. 93. The plaintiff, in turn, is directed to do one of the following within thirty (30) days of the date that he receives the court's order: (1) either pay the

full three hundred fifty dollar ($350.00) filing fee; or (2) return to the district court a properly completed application to proceed *in forma pauperis* **and** a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date of the entry of this order, as required under 28 U.S.C. § 1915(a)(2).

The plaintiff is forewarned that, if he does not comply with this order within the time specified, the court is required to presume that he is not a pauper, assess the full amount of filing fee, and order the case dismissed for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the case is dismissed under these circumstances, it will not be reinstated to the court's active docket despite any subsequent correction of the documentary deficiency, or payment of the filing fee. *Id*.

An extension of time to submit the required 6-month statement, or to pay the $350.00 filing fee, may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order. *Id.* at 605; *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge