IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JOHN CARRIZALES )
)
v. ) NO. 1:11-0024
)
ENOCH GEORGE, et al. )

TO:     Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

Pursuant to the Order entered June 20, 2011 (Docket Entry No. 11), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Presently pending before the Court is the plaintiffs' motion for a temporary injunction (Docket Entry No. 3) to which the defendants have filed responses. See Docket Entry Nos. 34 and 39. Also before the Court is a letter from the plaintiff to the Court in which he requests additional injunctive relief. See Docket Entry No. 45. Set out below is the Court's recommendation for disposition of the plaintiff's requests for injunctive relief.

## I. BACKGROUND AND ANALYSIS

The plaintiff is an inmate at the Maury County Jail ("Jail") in Columbia, Tennessee. He filed this action pro se and in forma pauperis on April 19, 2011, against Maury County Sheriff Enoch George and nurse Floyd Sealey alleging that he was being denied medical treatment at the Jail in violation of his constitutional rights and seeking relief under 42 U.S.C. § 1983. Specifically, he alleges that he is suffering from "a disease" that is causing his genitalia to bleed and ooze "white pus" and that he sought treatment for his condition but his requests were ignored or denied by Nurse Sealey, other unnamed nurses, and Sheriff George from April 12, 2011, to April 16, 2011. See Complaint (Docket Entry No. 1) at 5.

Upon the defendants' filing of answers to the complaint, see Docket Entry Nos. 22 and 24, a scheduling order (Docket Entry No. 26) was entered setting out deadlines for pre-trial activity in the action. The defendants have filed separate dispositive motions which are currently pending before the Court and to which, by separate order, the plaintiff has been given time to respond. See Docket Entry Nos. 35 and 40.

By his motion for a temporary injunction, which was filed at the same time as his complaint, the plaintiff seeks an order requiring that he be properly diagnosed and treated immediately for the medical needs that form the basis for his complaint. See Docket Entry No. 3. By his recent letter, filed September 7, 2011, the plaintiff asserts that his requests to have "my tooth treated" have been ignored, which he believes is a form of retaliation against him because of his lawsuit, and he requests to be moved to another facility until the resolution of his lawsuit. See Docket Entry No. 45.

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972).

In determining whether to grant the plaintiff's requests for preliminary injunctive relief, this Court must consider: (1) the plaintiff's likelihood of prevailing on the merits of the case; (2) whether the plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest. Leary v. Daeschner, 228 F.3d. 729, 736 (6th Cir. 2000); Parker v. U.S. Dep't of Agric. 879 F.2d. 1362, 1367 (6th Cir. 1989); Mason Cnty Med. Assocs. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

At this stage of the proceedings, the plaintiff's likelihood of success on his claims is no greater than that of the defendants. The plaintiff has shown merely a possibility of success on the merits, which is not sufficient to satisfy the first factor. Six Clinics Holding Corp., II v. CAFCOMP Sys., 119 F.3d 393, 407 (6th Cir. 1997). Therefore, the first factor weighs against the plaintiff.

The second factor also does not favor the plaintiff because he has not shown that he will suffer irreparable harm if the injunctive relief requested is not granted. The plaintiff has requested

3

compensatory damages in this action, and if successful, the award of damages will adequately compensate him for any harm which he has suffered. Further, the defendants' responses to his motion indicate that treatment has in fact been provided for his medical condition. See Docket Entry Nos. 34 and 39. The plaintiff has not rebutted the defendants' responses and has not supported his allegations of possible irreparable harm with anything other than his own speculation

The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and the plaintiff has not demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

The Court further notes that, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the location of the plaintiff's detention. Such reasons have certainly not been shown in the request made by the plaintiff.

The plaintiff has failed to meet his burden of showing that the facts and circumstances of this action demand the extraordinary remedy of a preliminary injunction. Overstreet v. Lexington-Fayette Urban Cnty. Govt., 305 F.3d 566, 573 (6th Cir. 2002).

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the plaintiff's motion for injunctive relief (Docket Entry No. 3) and his request for injunctive relief contained in his letter (Docket Entry No. 45) both be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with

4

Case 1:11-cv-00024    Document 47    Filed 09/13/11    Page 4 of 5 PageID #: 233

particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                    Respectfully submitted,

                    */s/ Juliet Griffin*
                    JULIET GRIFFIN
                    United States Magistrate Judge

5

Case 1:11-cv-00024   Document 47   Filed 09/13/11   Page 5 of 5 PageID #: 234