IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JOHN CARRIZALES )
)
v. ) NO. 1:11-0024
)
ENOCH GEORGE, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

Pursuant to the Order entered June 20, 2011 (Docket Entry No. 11), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Presently pending before the Court are the motion to dismiss, or, in the alternative, for summary judgment filed by Defendant Floyd Sealey (Docket Entry No. 35) and the motion for summary judgment filed by Defendant George Enoch (Docket Entry No. 40). The plaintiff has filed a response to the motions. See Docket Entry No. 52.[1]

---

[1] By Order entered September 13, 2011 (Docket Entry No. 46), the plaintiff was notified that the motion of Defendant Sealey would be treated as a motion for summary judgment since it relied on matters outside the pleadings.

## I. BACKGROUND

The plaintiff is an inmate at the Maury County Jail ("Jail") in Columbia, Tennessee. He filed this action pro se and in forma pauperis on April 19, 2011, against Maury County Sheriff Enoch George and nurse Floyd Sealey alleging that he was being denied medical treatment at the Jail in violation of his constitutional rights and seeking relief under 42 U.S.C. § 1983. Specifically, he alleges that he is suffering from "a disease" that is causing his genitalia to bleed and ooze "white pus" and that he sought treatment for his condition but his requests were ignored or denied by Nurse Sealey, other unnamed nurses, and Sheriff George from April 12, 2011, to April 16, 2011. See Complaint (Docket Entry No. 1) at 5.

Upon the defendants' filing of answers to the complaint, see Docket Entry Nos. 22 and 24, a scheduling order (Docket Entry No. 26) was entered setting out deadlines for pre-trial activity in the action. By Order entered October 12, 2011 (Docket Entry No. 55), the plaintiff's requests for preliminary injunctive relief requiring he be provided with immediate medical treatment and be moved to another facility until resolution of the lawsuit were denied.

## II. THE DISPOSITIVE MOTIONS AND RESPONSE

Defendant Sealey argues that, to the extent that the plaintiff's complaint can be read to assert a claim for medical malpractice under state law, the plaintiff has not complied with the statutory requirements for such a claim. Defendant Sealey further argues that any constitutional claims raised by the plaintiff regarding medical care at the Jail warrant dismissal because: 1) the plaintiff failed to exhaust administrative remedies prior to filing the instant lawsuit as required by the Prison

2

Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e; and 2) the undisputed facts show that the plaintiff was provided with constitutionally adequate medical care.

Defendant Sealey supports his motion with his own affidavit (Docket Entry No. 38) and with portions of the plaintiff's medical records at the Jail. See Docket Entry Nos. 38-1 to 38-6. Defendant Sealey asserts that the plaintiff entered the Jail in April 2011, and thereafter filled out sick call requests on April 12, 14, and 17, 2011, complaining about some type of infection on his penis. See Docket Entry No. 38, at ¶ 6. The plaintiff had complained about a similar problem during a previous confinement at the Jail in December 2010, and was examined by a physician at that time who diagnosed a yeast infection and treated the plaintiff with an oral anti-biotic and a topical antifungal cream. Id. at ¶¶ 3-4. Defendant Sealey attests that, upon receiving the plaintiff's sick call requests, he contacted the physician who had previously treated the plaintiff and the two medications previously prescribed were re-ordered and provided to the plaintiff. Id at ¶¶ 7-8. Defendant Sealey asserts that the plaintiff made no more complaints about the problem until July 11, 2011, when he filled out another sick call request, after which Sealey ordered that the plaintiff be transferred to the Maury Regional Ambulatory Care Center where he was again seen by the same physician who again diagnosed a yeast infection and again prescribed the topical anti-fungal cream for the plaintiff. Id. at ¶¶ 9-10.

Defendant George contends that the undisputed facts show that appropriate medical treatment was provided to the plaintiff at the Jail and that there are no facts supporting a claim against George for individual liability or for a claim against George in his official capacity as the Sheriff of Maury County. Defendant George also raises the defense of qualified immunity to any

3

damage claims brought against him in his individual capacity. In support of his motion, Defendant George relies upon the affidavit and exhibits submitted by Defendant Sealey.

In response to the motions, the plaintiff contends that the exhibits submitted by the defendants show that several days lapsed between the time he submitted the sick call requests and the time he received treatment. He also asserts that Defendant Sealey did not properly diagnose his condition but only looked at the plaintiff from a distance and told him to wash more thoroughly with body wash. See Docket Entry No. 52.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck

4

v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. CONCLUSIONS

Initially, the Court finds that the plaintiff's complaint, even when given a liberal construction, raises only a claim under 42 U.S.C. § 1983 that he was not provided with constitutionally adequate medical care. This constitutional claim is the only claim specifically mentioned by the plaintiff in his complaint and his contemporaneously filed motion for preliminary injunctive relief, see Docket Entry No. 3, at 1-3, and the plaintiff fails to set out any other claims in his complaint. Accordingly, the Court does not read the complaint to allege either a state law claim for medical malpractice or a claim for an inadequate grievance process at the Jail as the defendants suggest in their motions. See Docket Entry No. 36, at 5, and Docket Entry No. 41, at 5-6.

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).[2] A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273

---

[2] It is not clear whether the plaintiff was confined at the Jail as a convicted prisoner or as a pretrial detainee. Pretrial detainees are protected from mistreatment by the Due Process Clause of the Fourteenth Amendment while convicted felons fall within the purview of the Eighth Amendment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). However, the Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Heflin v. Stewart Cnty., Tenn., 958 F.2d 709, 714 (6th Cir. 1992); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). Accordingly, claims brought by a pretrial detainee asserting inadequate medical care are analyzed under Eighth Amendment standards. See Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Horn v. Madison Cnty. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994); Danese v. Asman, 875 F.2d 1239, 1243 (6th Cir. 1989).

6

F.3d 693, 702 (6th Cir. 2001). Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. See Estelle, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment); Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2011). The plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See Estelle, 429 U.S. at 105.

After review of the evidence before the Court and the entire record in the action, the Court finds that summary judgment should be granted to the defendants on the plaintiff's inadequate medical care claim. Even if the Court presumes for the purposes of deciding the pending motions that the plaintiff suffered from medical needs which were serious enough to satisfy the objective component of his claim, there is insufficient evidence before the Court raising a genuine issue of material fact on the issue of deliberate indifference on the part of the defendants.

The undisputed evidence before the Court clearly shows that the plaintiff was not ignored and was in fact treated by having his complaints reviewed and referred to a physician and by being given medication which had previously been used to treat his condition. His claim essentially amounts to displeasure with the manner or adequacy of the course of treatment he received at the Jail. Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion.

7

Deliberate indifference is not shown because "alternative procedures might have better addressed [a prisoner's] particular needs." Graham v. County of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004). When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care the plaintiff received at the Jail may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). The plaintiff's complaint that he had to wait a few days before receiving treatment at the Jail simply fails to rise to the level of a constitutional tort.

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has failed to satisfy this burden, and summary judgment should be granted to the defendants because there is a

complete lack of evidence in the record upon which a reasonable jury could find that the medical care provided to the plaintiff at the Jail was constitutionally inadequate.

In light of the lack of factual support for the merits of the plaintiff's underlying claim of a constitutional violation, the plaintiff's official capacity claim against Defendant George, which is essentially a municipal liability claim against Maury County, Tennessee, also warrants dismissal because any such claim necessarily requires evidence of a constitutional violation. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). Furthermore, there is no need for the Court to address Defendant George's qualified immunity or lack of personal involvement defenses or Defendant Sealey's lack of exhaustion defense in light of the Court's finding that there is no evidence supporting a constitutional claim in the first instance.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the motion to dismiss, or, in the alternative, for summary judgment filed by Defendant Floyd Sealey (Docket Entry No. 35) and the motion for summary judgment filed by Defendant George Enoch (Docket Entry No. 40) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

9

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        JULIET GRIFFIN
        United States Magistrate Judge